## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**

               **Plaintiff,**

**-vs-**                                               **Case No.  3-:05-CV-095**

**NATIONAL UNION FIRE INSURANCE**
**COMPANY OF PITTSBURGH, PA,**

                                                     **Judge Thomas M. Rose**

              **Defendant.**

**ENTRY AND ORDER GRANTING DEFENDANT'S MOTION TO**
**DISMISS (Doc. #3) AND TERMINATING THE CASE**

The relevant legal history of this matter begins with an industrial accident. On March 17, 1998, Carol Roberts ("Roberts") was injured when a piece of steel fell on her foot while she was assisting a forklift operator at her place of employment, Emery Air Freight Corporation ("Emery"). *Roberts v. State Farm Mutual Automobile Insurance Co.*, 802 N.E.2d 157, 160 (Ohio Ct. App. 2003)(*"Roberts I"*).

At the time of the accident, Roberts was insured by State Farm Mutual Automobile Insurance Company ("State Farm") for automobile liability. *Id.* This automobile liability included a UM/UIM coverage limit of $100,000. *Id.* Also at the time of the accident, Robert's employer, Emery, was insured for commercial automobile liability by National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). *Id.* The National Union policy limits were $5,000,000. *Roberts v. State Farm Auto Insurance* Co., Case No. Civ.A. 20438, 2005 WL 435210 (Ohio Ct. App. Feb. 25, 2005)("*Roberts II*").

Roberts brought an action in the Court of Common Pleas of Montgomery County, Ohio (the "Trial Court"), against Emery, the Ohio Bureau of Workers' Compensation, State Farm and National Union seeking UM/UIM coverage for her injuries and an alleged loss of consortium. State Farm subsequently settled with Roberts admitting UM/UIM coverage and agreeing to pay its limits of $100,000 to settle all claims against State Farm.

National Union filed a Motion for Summary Judgment that was denied. The Trial Court concluded that National Union was required to provide UM/UIM coverage. *Roberts I,* 802 N.E.2d at 160.

State Farm also filed a Motion for Summary Judgment against National Union seeking pro rata coverage. The Trial Court did not issue a specific ruling on this Motion.

Roberts' case against National Union was then tried to a jury. *Id.* The jury returned a verdict in favor of Roberts in the amount of $92,000. *Id.* After the trial, the Trial Court reduced Roberts' verdict against National Union by the $100,000 payment made by State Farm. *Id.*

Roberts and National Union appealed this final order to the Second District Court of Appeals (the "Second District"). In *Roberts I*, the Second District affirmed the Trial Court's ruling that Roberts' verdict against National Union was reduced by the $100,000 payment made by State Farm. *Roberts*, 547 N.E.2d at 167.

State Farm then filed a Motion for Ruling on Previously Filed Motion for Summary Judgment ("Motion for Ruling") in the Trial Court. In addition to State Farm's Motion, National Union had filed a Cross Motion for Summary Judgment which the Trial Court had not ruled on.

The Trial Court held that, based upon the finality of its prior judgment in the litigation, both State Farm's Motion and National Union's Cross Motion were presumed to be overruled.

*Roberts v. State Farm Mutual Automobile Insurance Co.*, Case No. 00-CV-886 slip op. at 4-5 (Montgomery County Ct. Com. Pl. Mar. 1, 2004). Implicit in the Trial Court's decision was the fact that it no longer had jurisdiction to rule on the post-judgment motions. *Roberts II*, 2005 WL 435210 at *1.

State Farm then appealed this decision and National Union cross appealed. On this second appeal, the Second District found that State Farm's failure to appeal the initial judgment of the Trial Court "waives any error the trial court may have committed when it failed to expressly rule on State Farm's motion for summary judgment, and presumably denied it. State Farm cannot avoid the effects of its own failure to act by filing a post-judgment motion asking the court to rule on the same pretrial summary judgment motion the court had overruled, if only presumptively. *Id.* at *2. The Second District specifically found that the Trial Court lacked jurisdiction to grant the relief State Farm sought in its post-judgment motion. *Id.* at *3.

Then, on February 4, 2005, State Farm filed this lawsuit which National Union timely removed to this Court based upon diversity jurisdiction. In this lawsuit, State Farm's First Cause of Action is for implied indemnification and its Second Cause of Action is for unjust enrichment. Both Causes of Action involve State Farm seeking its pro rata coverage on the Roberts' claim.

Now before the Court is National Union's Motion To Dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. #3.) This Motion is fully briefed and ripe for decision. The standard of review will first be set forth followed by an analysis of State Farm's Motion.

## STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the

complaint is true. *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993)(citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987)). Put another way, "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2004).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) is a stringent one. "[A] complaint should not be dismissed for failure to state a claim on which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 811 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In addition, for purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232 (1974).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Columbia Natural Resources, Inc. v. Tatum*, 58 F. 3d 1101 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996). The Court "need not accept as true legal conclusions or unwarranted factual inferences*."* *Morgan v. Church's Fried Chicken,* 829 F. 2d 10, 12 (6th Cir. 1987). Put another way, bare assertions of legal conclusions are not sufficient. *Lillard v. Shelby County Bd. of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996). It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss. *Id.*; see also Wright & Miller, *supra*, §1357.

This Motion To Dismiss involves Ohio claims. In reviewing an Ohio claim, this Court must apply the law of Ohio, as interpreted by the Supreme Court of Ohio. *Northland Ins. Co. v. Guardsman Prods. Inc.*, 141 F.3d 612, 617 (6th Cir. 1998). Specifically, this Court must apply the substantive law of Ohio "'in accordance with the then-controlling decision of the highest court of the state.'" *Imperial Hotels Corp. v. Dore*, 257 F.3d 615, 620 (6th Cir. 2001) (quoting *Pedigo v. UNUM Life Ins. Co.*, 145 F.3d 804, 808 (6th Cir. 1998)).  Also, to the extent that the highest court in Ohio has not addressed the issue presented, this Court must anticipate how Ohio's highest court would rule. *Id.* (quoting *Bailey Farms. Inc. v. NOR-AM Chem. Co.*, 27 F.3d 188, 191 (6th Cir. 1994)). The analysis now turns to National Union's Motion To Dismiss.

## MOTION TO DISMISS

National Union argues that State Farm's claims should be dismissed because they are barred by *res judicata* and because State Farm does not have standing to bring them. State Farm responds that its claims are not barred by *res judicata* and that it has standing to bring them. *Res judicata* will first be addressed.

### *Res Judicata*

The term *res judicata* has been used to describe two doctrines of preclusion. *Sanders Confectionery Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 480 (6th Cir. 1992), *cert. denied*, 506 U.S. 1079 (1993). One is issue preclusion sometimes called collateral estoppel. *Id.* The other is claim preclusion. *Id.* Today, courts generally use the terms issue preclusion and claim preclusion. However, the Parties here use *res judicata* instead of issue preclusion so the Court will use the term *res judicata* with the understanding that it means issue preclusion.

The purpose of the doctrine of *res judicata* is to promote the finality of judgments. *Id.* Promoting the finality of judgments "increases certainty, discourages multiple litigation and conserves judicial resources." *Id.*

When asked to give preclusive effect to a state court judgment, the court looks to the law of the rendering state to determine to what extent that prior judgment should receive preclusive effect in a federal action. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997), *cert. denied*, 523 U.S. 1046 (1998). In this case, the Court is being asked to give preclusive effect to judgments rendered by Ohio Courts. Therefore, this Court looks to Ohio law to determine to what extent the prior judgments should receive preclusive effect.

The law of Ohio provides that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." *Grava v. Parkman Township*, 653 N.E.2d 226, 229 (Ohio 1995). The law of Ohio also requires a plaintiff "to present every ground for relief in the first action, or be forever barred from asserting it." *Id.* (quoting *Rogers v. City of Whitehall*, 494 N.E.2d 1387, 1388 (Ohio 1986)).

Claim preclusion, or, in this case *res judicata*, has four elements under Ohio law. *Hapgood*, 127 F.3d at 493. They are: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Id.* (citing *Felder v. Community Mutual Insurance Co.*, 110 F.32d 63, 1997 WL 160373 at **3-4 (6th Cir. Apr. 4, 1997)). Each element will be addressed in turn.

### 1. Final, Valid Decision On the Merits

The Trial Court made two decisions that relate to National Union's contribution of a pro rata share of the amount paid to Roberts. One was the Trial Court's Final Judgment reducing Roberts' verdict against National Union by the $100,000 payment made by State Farm. The other was the Trial Court's decision to overrule State Farm's Motion for post-judgment relief. The finding regarding post-judgment relief will be addressed first.

### A. Post-Judgment Relief

In its Order regarding State Farm's motion for post-judgment relief, the Trial Court determined that State Farm's Motion for Summary Judgment regarding the payment of a pro rata share by National Union was presumed overruled. The Second District upheld this decision.

State Farm now argues that the Trial Court's decision was not a decision on the merits. The basis for this argument is that, in its Opinion overruling State Farm's Motion for post-judgment relief, the Trial Court expressly recognized that its decision was not one on the merits when it stated, "This is not to say that …State Farm may or may not have a claim against National Union or whether National Union's issues, raised in its memorandum in this case, are or are not dispositive." *Roberts v. State Farm Mutual Automobile Insurance Co.*, Case No. 00-CV-886 slip op. at 5 (Montgomery County Ct. Com. Pl. Mar. 1, 2004). In addition, in the opinion upholding this decision, the Second District commented on the fact that the Trial Court could not have made a decision on the merits as "State Farm had not then pleaded a Civ.R. 8(A) claim on which summary judgment could be granted." *Roberts II*, 2005 WL 435210 at *3.

The Second District found that the Trial Court lacked jurisdiction to grant State Farm's post-judgment motion for relief. In doing so, the Second District stated that the Trial Court "is

deprived of jurisdiction to take any further action in the matter after its final judgment disposing of all claims pleaded in the action is journalized." *Id.*

The Ohio Supreme Court has determined that a ruling that a court lacks jurisdiction to hear a matter is not *res judicata* on that matter. *State ex rel. Schneider v. Board of Education of the North Olmsted City School District*, 530 N.E.2d 206, 207 (Ohio 1988). In *Schneider*, the Ohio Supreme could not determine from the face of the judgment entry whether the appeals court ruled on the merits or ruled that it lacked jurisdiction over the case and had to "discover" what the appeals court meant when it issued the judgment. *Id.* The Supreme Court then"discovered" that the appeals court had decided that it lacked jurisdiction.

In this case, it can be inferred from the Trial Court's statement that it could not say whether State Farm had a claim against National Union that the Trial Court was not ruling on the merits. Also, the Second District confirmed that the Trial Court had determined that it did not have jurisdiction. Therefore, based upon Ohio law, since the trial court determined that it did not have jurisdiction, the Trial Court was not ruling on the merits when it denied State Farm's post-judgment Motion for Ruling On Previously Filed Motion for Summary Judgment. Remaining is the issue of whether the Trial Court's issuance of a Final Judgment without ruling on State Farm's then pending Motion for Summary Judgment regarding the contribution of a pro rata share by National Union was a decision on the merits.

### B. Final Judgment

First, it is presumed that the Trial Court overruled State Farm's Motion for Summary Judgment because the Trial Court had not ruled on the Motion when the trial on Roberts' claim took place and the subsequent Final Judgment was entered. *Roberts II*, 2005 WL 435210 at *2.

As a result, the Final Judgment and any resulting prejudice presents State Farm with grounds for appeal. *Id.* However, the corresponding right of appeal must be timely exercised. *Id.* If it is not, the movant waives any error arising from the court's ruling on the motion. *Id.* The movant also waives any error the Trial Court may have committed when it failed to expressly rule on State Farm's Motion for Summary Judgment. *Id.*

The Trial Court, in its Final Judgment, reduced Roberts' verdict against National Union by the $100,000 payment made by State Farm and the Final Judgment is inconsistent with the relief State Farm sought in its Motion for Summary Judgment. In *Roberts I*, the Second District affirmed this final judgment. However, State Farm did not appeal the issue of National Union's contribution of a pro rata share. Therefore, State Farm has waived any error arising from the Trial Court's failure to rule on its Motion for Summary Judgment and cannot now be heard to say that the Trial Court's failure to rule on its Motion for Summary Judgment was not a decision on the merits. To find otherwise would be in opposite to the purpose of the doctrine of *res judicata.*

State Farm did not have a cross claim against National Union at the time it filed its Motion for Summary Judgment. It subsequently moved for leave to amend its pleadings to add such a claim. This motion for leave to amend was pending at the time the Trial Court issued its Final Judgment and is, therefore, also presumed overruled. As with the pending Motion for Summary Judgment, State Farm did not appeal the Court's failure to address its motion for leave to amend its pleadings. Therefore, State Farm has waived any error arising from the Trial Court's failure to rule on its motion for leave to amend its pleadings and cannot now be heard to say that the Trial Court's failure to rule on its motion for leave to amend its pleadings was not a decision

on the merits. To find otherwise would again be in opposite to the purpose of the doctrine of *res judicata.*

The Trial Court's Final Judgment was a final, valid decision on the merits by a court of competent jurisdiction. The first element is satisfied and the analysis proceeds to the second element of the doctrine of *res judicata*.

### 2. Second Action Involving the Same Parties

The second element of the doctrine of *res judicata* as applied by Ohio courts requires that the second action involve the same parties, or their privies, as the first. Both State Farm and National Union were Parties to the case that was addressed by the Trial Court's Final Judgment and both are Parties to this case. This finding is not disputed by either State Farm or National Union. Therefore, the second element is satisfied and the analysis proceeds to the third element of the doctrine of *res judicata*.

### 3. Claims In Second Action Were Or Could Have Been Litigated In First Action

The third element of the doctrine of res judicata as applied by Ohio courts requires that the claims raised in the second action be claims that were or could have been litigated in the first. The claims that were or could have been litigated in the first action include all rights of the claimant to remedies with respect to all or any part of the transaction out of which the action arose. *Grava*, 653 N.E.2d at 229. Claims in the first action extinguish claims in the second action even though the claimant presents theories of the case in the second action that are not presented in the first action or seeks remedies or forms of relief not sought in the first action. *Id.*

State Farm's claim against National Union for a pro rata share of the damages paid to Roberts was litigated in the first action as determined hereinbefore. This lawsuit, the second

action for purposes of *res judicata*, is for implied indemnification and unjust enrichment with regard to National Union's alleged liability for its pro rata share of the damages paid to Roberts. Therefore, the second action presents theories of the case and seeks remedies that arise out of the transaction that was the basis for State Farm's claim in the first action. State Farm seeks to have National Union pay its pro rata share of the damages paid to Roberts in both the first and second actions.

State Farm's claims for implied indemnification and unjust enrichment could have been litigated in the first action. Therefore, the third element of the doctrine of res judicata is satisfied and the analysis turns to the fourth element.

4. Second Action Arises Out of Transaction Or Occurrence That Was Subject of First Action

The fourth element of the doctrine of res judicata is that the claims in the second action must arise out of the transaction or occurrence that was the subject matter of the first action. Here, the occurrence that was the subject matter of the first action was the injury to Roberts, the subsequent award of damages by the jury and the Final Order by the Trial Court offsetting the jury award by the amount previously paid by State Farm. This is the same transaction that is the subject matter of the claims submitted in the second action, the matter now before the Court. Therefore the fourth element of the doctrine of res judicata is satisfied.

## CONCLUSION

State Farm's claims in this case are barred by the doctrine of *res judicata*. The Final Judgment issued by the Court of Common Pleas of Montgomery County, Ohio, was a final, valid decision on the merits of State Farm's claim against National Union for a pro rata share of the damages paid to Roberts, and the final decision on the merits was issued by a court of competent

jurisdiction. Both State Farm and National Union are parties to this action, the claims brought by State Farm in this action arise out of the same transaction as the claims raised by State Farm in the case decided in the Court of Common Pleas of Montgomery County, Ohio and the claims brought in this case could have been brought in the Montgomery County case.

It appears beyond doubt that State Farm can prove no set of facts in support of its claims in this case which would entitle it to relief. Therefore, National Union's Motion To Dismiss is GRANTED and the Court need not address National Union's argument that State Farm did not have standing to bring the claims in this action. The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Thirteenth day of September, 2005.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record